Edward CLOUGH, Plaintiff–Appellant,

v.

CITY OF NEW HAVEN, Defendant–Appellee.

Docket No. 01–7657.

United States Court of Appeals, Second Circuit.

March 4, 2002.

Norman A. Pattis, Williams & Pattis, LLC, New Haven, CT, for Appellant.

Thomas W. Ude, Jr., Corporation Counsel, Office of Corporation Counsel, New Haven, CT, for Appellee.

Present WALKER, Chief Judge, SACK and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Edward Clough appeals from the January 12, 2001 judgment of the district court (Eginton, *D.J.*) granting defendant-appellee the City of New Haven's motion for summary judgment pursuant to Rule 56. Clough claims that New Haven did not promote him from sergeant to lieutenant in the New Haven Department of Police Service (the "Department") because he is white, in violation of, among other things, the Equal Protection Clause and 42 U.S.C. § 1981. The district court granted summary judgment dismissing Clough's equal protection and § 1981 claims, finding no evidence to support the inference that New Haven's legitimate non-discriminatory reason for not promoting Clough was a pretext for racial discrimination. We agree with the district court and affirm.

The hiring and promotion decisions of the Department are governed by various rules and policies that are relevant to this appeal. The Department is subject to a consent decree that sets a goal of a 40% minority workforce and provides that the "Department's Affirmative Action Plan shall delineate all promotional positions, including the ranks of sergeant, lieutenant, captain, etc., with appropriate minority needs underutilization analyses, projected needs and openings." In 1995, then-Chief of Police Nicholas Pastore prepared an utilization analysis in the annual Equal Opportunity Plan stating that the Department had not met its 40% goal and outlining steps to reach that goal. The district court found, and Clough concedes on appeal, that the Plan sought to reach its 40% goal by "recruiting and encouraging members of minority groups to employ [sic] [apply] for employment rather than through quotas or establishment of a racial or gender preference classification in hiring or promotion."

The Department's employment decisions are also governed by the City's Charter.

The Charter vests the power of appointment and promotion in the Board of Police Commissioners (the "Board"). Under the Charter, a candidate for a promotion must have passed an examination for that position and be on the list of those eligible for promotion. The eligible candidates on the list are ranked by their test scores, with the appointing authority free to pick any candidate whose score places him in one of the three highest ranks. In practice, the successful candidates were typically recommended to the commissioners by Chief Pastore after he interviewed the candidate, reviewed his personnel file, and sought information from his supervisor, co-workers, and/or members of the community in which he served. Pastore claims that his recommendations were based on his consideration of a candidate's leadership potential, interpersonal skills, and community involvement.

In December 1993, Clough took a civil service examination for promotion to lieutenant. His score placed him in the ninth rank, and he became eligible for promotion after the candidates from six of the eight ranks above him were promoted to lieutenant at a September 27, 1994 Board meeting. Of the candidates scoring higher than Clough, eleven white and two African-American men were promoted. At the same meeting, after Clough became eligible for promotion, two Hispanic men and two white men from ranks below Clough were promoted. The Board made two other promotions during the time Clough was eligible. At a December 13, 1994 Board meeting, an African-American, Harold Baldwin, was promoted to lieutenant; and at an August 22, 1995 Board meeting, a white male and an African American male were promoted.

Clough claims that several procedural irregularities surrounded the promotion of Baldwin. At the September 27 Board meeting, an African American commission-er, Shawn Garris, recommended that Baldwin be added to the list of promotions even though Pastore had not recommended him and the commissioners had not been given any information about him. However, Pastore and another commissioner successfully resisted Garris's efforts, and Baldwin was promoted at the December 13 Board meeting only after he had been reviewed and recommended by Pastore in accord with the normal procedure.

On appeal, Clough argues that the district court erred in granting New Haven's motion for summary judgment dismissing his equal protection and § 1981 claims, because there was sufficient evidence to support the inference of discriminatory intent in New Haven's failure to promote Clough from sergeant to lieutenant. New Haven answers that its employment decisions were based on legitimate non-discriminatory criteria, such as leadership potential, interpersonal skills, and community involvement. We review the district court's grant of summary judgment de novo. VKK Corp. v. Nat'l Football League, 244 F.3d 114, 118 (2d Cir.2001).

■ As an initial matter, we note that there is no merit to Clough's attack on the district court's reliance on an affidavit submitted by Pastore in which he swore that his recommendations were based on merit and not race. Clough argues that the district court relied solely on the Pastore affidavit to find that New Haven had a legitimate non-discriminatory reason for not promoting Clough, even though the affidavit was submitted years after the employment decisions were made, was self-serving, and was produced solely for the purpose of the instant motion. However, the record also contained the minutes of the Board meetings, which were generated contemporaneously with the promotions and not for the purpose of the instant appeal, as well as the affidavits of several police commissioners in which they

swore that the employment decisions at issue were not based on race. Legally, Clough's attack on the credibility of the affidavit is misplaced, as the burden of producing evidence of a legitimate non-discriminatory reason is "one of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citation and internal quotation marks omitted).

■ Because New Haven offered a legitimate non-discriminatory reason for not promoting Clough, the district court correctly shifted the burden of production back to Clough to bring forward evidence that New Haven's reason was a pretext for racial discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To meet this burden, Clough points to the consent decree, the affirmative action program, and the discussion of racial matters at Board meetings, claiming that the "promotional policies of the defendant were steeped in race" and that "it seems a fair inference from the facts that the defendant may well have gone too far in attempting to comply with [the] consent decree." We agree with the district court that Clough has failed to bring forward evidence sufficient to support the inference of an intent to discriminate, as is necessary to support an equal protection and a § 1981 claim. *See Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir.1999) (equal protection); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993) (§ 1981).

This court has made clear that the intent to remedy past discrimination against minorities does not amount to a forbidden racial classification or an intent to discriminate against non-minority candidates unless it involves measures like quotas, set-asides, or preferential grading that pre-

vent non-minorities from competing for positions. *Hayden*, 180 F.3d at 49, 51. Here, Clough has conceded the district court's finding that New Haven sought to achieve a diverse workforce by "recruiting and encouraging members of minority groups to employ [sic] [apply] for employment rather than through quotas or establishment of a racial or gender preference classification in hiring or promotion." Clough has not pointed to any evidence indicating that the discussions of race at Board meetings were for any other purpose than, as the commissioners swore in their affidavits, ensuring compliance with equal opportunity laws. Nor has Clough made any showing that he had qualifications superior to those of any of the minorities allegedly promoted in his stead and that the promotion process was rigged to prevent non-minorities like himself from being promoted. *Cf. Stern v. Trustees of Columbia Univ. of N. Y.*, 131 F.3d 305, 312–13 (2d Cir.1997). In fact, New Haven promoted sixteen white men to a total of twenty-two lieutenant positions during the relevant period.

Though "[d]epartures from procedural regularity ... can raise a question as to the good faith of the process where the departure may reasonably affect the decision," *Stern*, 131 F.3d at 313 (first alteration in original, citation and internal quotation marks omitted), we do not think that the irregularities surrounding Baldwin's promotion affected the Board's ultimate decision. Whatever Garris's motivation may have been in trying to force through Baldwin's promotion, his efforts were resisted and Baldwin was not promoted until after he was subjected to the normal review process. In his affidavit, Pastore swore that he interviewed Baldwin and investigated his qualifications, and that he based his subsequent recommendation of Baldwin for promotion on what he had learned and Garris's recommendation as a member of the community Baldwin was

assigned to serve. Similarly, commissioners Epstein and Einhorn swore that they voted for Baldwin because of Pastore's recommendation. Clough, in contrast, has brought forward no evidence to rebut these claims.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.